No. 25,720.

J. W. DORSEY DEGOOD, *Appellee*, v. J. S. WILDMAN, *Appellant.*

SYLLABUS BY THE COURT.

1. APPEAL AND ERROR—*Review—Conflicting Evidence.* In an action upon a
   promissory note, controverted questions of fact upon which the jury made
   special findings, which are supported by the evidence and were approved by
   the trial court, will not be disturbed on appeal.

2. BILLS AND NOTES—*Holder in Due Course—Evidence.* The fact that a note
   for $1,562 was purchased for $1,250 does not of itself show that the pur-
   chaser was not a holder in due course.

Appeal from Cheyenne district court; WILLARD SIMMONS, judge. Opinion
filed October 10, 1925. Affirmed.

*J. L. Finley,* of St. Francis, and *C. A. P. Falconer,* of Atwood, for the ap-
pellant.

*Leigh D. Dowling,* of St. Francis, and *W. S. Langmade,* of Oberlin, for the
appellee.

The opinion of the court was delivered by

HARVEY, J.: This is an action upon a promissory note. It was
tried to a jury, who made findings of fact and rendered a general
verdict for plaintiff. The defendant has appealed.

The questions mostly discussed in the brief are controverted
questions of fact. The note was made payable to the maker and
by him indorsed. The defendant denied, under oath, that he had
indorsed the note. His testimony was that he signed the instru-
ment but once, or at least he remembered signing it but once. His
name was on the back of the note. There was evidence tending to
show that this was his signature, and also evidence tending to show
that he wrote his name on the back at the time the note was made.
A note made payable to the order of the maker is not complete
until indorsed by him. (R. S. 52-1701.) The controversy as to
whether the defendant completed the note by indorsement was
fairly submitted to the jury, and in answer to a special question
the jury found he had indorsed it, and this finding was approved
by the court. That ends the matter so far as this court is con-
cerned.

Defendant also alleged that he was induced to execute the note

by fraud, that it was without consideration, and that it had been transferred in violation of an agreement. These allegations were put in issue by the reply, and the court in his instructions told the jury if they found the note had been induced by fraud or transferred in violation of agreement, the burden of proof was then on the plaintiff to show he was a holder in due course. By the pleadings issues were joined as to whether or not plaintiff was holder in due course. The evidence on that matter was sharply conflicted, and in answer to special question the jury found for the plaintiff upon that issue. This finding was approved by the trial court, and the issue is settled as far as this court is concerned.

Appellant complains of some of the instructions given and also the refusal to give instructions requested. We have carefully examined these complaints and find no error. The instructions are much more lengthy than necessary and contain considerable repetition, but as a whole they fairly state the issues and the rules of law applying thereto.

The note was for $1,562. Plaintiff paid $1,250 for it. It is argued that this is an evidence that the plaintiff was not a purchaser in good faith. The fact that the note was purchased at a discount from its face would not alone be sufficient to show that the plaintiff was not a purchaser in good faith. It was simply one of the facts to be considered by the jury in connection with all the other evidence in the case bearing upon the question as to whether or not the plaintiff was a purchaser in good faith.

Finding no error in the case, the judgment of the court below will be affirmed.